IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA   *
                           *
v.                         *   CR 118-014
                           *
PHILLIP STEWART CARTLEDGE  *

O R D E R

On October 16, 2018, this Court sentenced Defendant Phillip Stewart Cartledge upon his plea of guilty to possession of a firearm by a prohibited person to 57 months imprisonment followed by three years of supervised release. At present, Defendant has filed a "Request for Recommendation of Nunc Pro Tunc Designation." Specifically, he asks that the time he spent in state custody be counted toward his federal sentence.

At the time of sentencing in this Court, Defendant had been arrested on unrelated state offenses and was in state custody. Contrary to Defendant's contention in his motion,[1] the Court did not discuss whether or not the federally imposed sentence was to run concurrently with or consecutive to any state sentence imposed

---

[1] Defendant states that "during his sentencing hearing, defense counsel requested concurrent services (sic), and this Court noted that it was not opposed to the two sentences running concurrent." (Def.'s Mot., Doc. 41, at 1.)

thereafter. In fact, the state charges were only mentioned in the following colloquy:

> THE COURT: Are the four new charges in Columbia County that are shown pending on paragraphs 40 through 43 -- are those still pending in Columbia County? In Grovetown?
>
> THE DEFENDANT: Yes sir. They are.

(Sentencing Tr., Doc. No. 40, at 24.) The Judgment and Commitment Order is silent as to the concurrent versus consecutive issue.

Upon review of the record and in consulation with the United States Probation Office, Defendant was convicted of felony and misdemeanor shoplifting charges in Columbia County on March 20, 2019, and sentenced to time served.[2] Nevertheless, Defendant seeks credit for the time he served in county jails against his federal sentence as well. Through his motion, Defendant appears to be under the misimpression that this Court intended to run the federal sentence concurrent with the state sentence. It did not. Nor would it because the sentence imposed by this Court for the offense of possession of a firearm by a prohibited person is obviously quite different than the sentence imposed by the state court for the offenses of felony and misdemeanor shoplifting. Moreover, the matter is statorily resolved by 18 U.S.C. § 3584(a), which provides that "[m]ultiple terms of imprisonment imposed at different times

---

[2] Of note, Defendant erroneously refers to his state convictions only as misdemeanors. (Def.'s Mot., Ex. A, at 2.)

2

run consecutively <u>unless the court orders that the terms are to run concurrently</u>." Here, the Court did not intend for the state and federal sentences to run concurrently as indicated by its silence.[3]

Moreover and importantly, matters of credit for time served and other length of sentence determinations are better directed to the BOP, not this Court. Indeed, the BOP has the power to designate the housing state facility *nunc pro tunc* as the place of federal confinement so that a defendant may gain credit against a federal sentence for the time served in the state facility. However, this is a decision within the discretion of the BOP. Here, Defendant does not indicate whether he has exhausted his administrative remedies with the BOP. See <u>United States v. Nyhuis</u>, 211 F.3d 1340, 1345 (11th Cir. 2000) ("A claim for credit for time served is brought under 28 U.S.C. § 2241 after the exhaustion of administrative remedies."). Thus, the matter does not appear ripe for judicial review. See <u>Santiago-Lugo v. Warden</u>, 785 F.3d 467, 475 (11th Cir. 2015) (stating that administrative exhaustion is a requirement to suit under § 2241).

---

[3] In the third misstatement of his current motion, Defendant states that the Bureau of Prisons ("BOP") has contacted this Court seeking a determination of whether it would oppose "concurrent designation" but that the Court has not responded. (Def.'s Mot. at 1.) The Court has no record of receiving such request by the BOP. To be clear, however, the Court would have responded that it opposes a "concurrent designation."

3

Upon the foregoing, Defendant's request for recommendation of nunc pro tunc designation (doc. 41) is hereby **DENIED**. The Clerk is directed to serve a copy of this Order upon Defendant.

**ORDER ENTERED** at Augusta, Georgia, this 10th day of February, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA